THIS ORDER IS A
PRECEDENT OF THE
TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

JLE

August 20, 2021

Cancellation No. 92054843

*Jim Beam Brands Co.*

*v.*

*JL Beverage Company LLC*

**Before Kuhlke, Taylor, and Pologeorgis,**
**Administrative Trademark Judges.**

**By the Board:**

This proceeding comes before the Board for consideration of Petitioner Jim Beam Brands Co.'s withdrawal (filed November 11, 2020) of the petition for cancellation without prejudice.[1] Respondent JL Beverage Company LLC contests the withdrawal of the petition without prejudice and argues that the Board should grant the withdrawal with prejudice.[2]

---

[1] 37 TTABVUE. Record citations are to TTABVUE, the Board's publicly available docket history system. *See, e.g., New Era Cap Co., Inc. v. Pro Era, LLC*, 2020 USPQ2d 10596, *2 n.1 (TTAB 2020).

[2] 38 TTABVUE 2.

Cancellation No. 92054843

## I. Background

This proceeding was instituted almost ten years ago, on November 22, 2011.[3] Petitioner seeks cancellation of Registration No. 4044182 for the design mark

for "Distilled Spirits" in International Class 33 (the "JL Lips Mark").[4] Petitioner asserts the JL Lips Mark does not function as an indicator of source because it is merely ornamental or aesthetically functional, without having acquired distinctiveness.[5]

Shortly after the filing of the petition, and before an answer was due, the parties stipulated to suspend the cancellation proceeding in light of an ongoing civil action styled *JL Beverage Co., LLC v. Beam Inc.*, Case No. 2:11-cv-00417, filed in the United States District Court for the District of Nevada (the "Civil Action").[6] The parties were in reverse positions in the Civil Action: Respondent (the plaintiff in the Civil Action) asserted that Petitioner's use of a label on its vodka products "that includes a prominent lip design . . . which varies by color depending on the vodka flavor" infringed, inter alia, the JL Lips Mark.[7] Petitioner denied the salient allegations of

---

[3] 1 TTABVUE.

[4] Registration No. 4044182, issued on October 25, 2011, alleging dates of first use and first use in commerce of July 27, 2004. The mark is described as consisting of "human lips or mouths." Color is not claimed as a feature of the mark.

[5] 1 TTABVUE 1, 5-6.

[6] 5 TTABVUE.

[7] *See* 40 TTABVUE 18-19 (district court order describing claim); *see also* 41 TTABVUE 91-94 (Amended Answer and Counterclaims ¶¶ 13, 18-22).

the Civil Action complaint and asserted three counterclaims for cancellation of Respondent's pleaded registration for the JL Lips Mark. Petitioner alleged (as it does in the Board proceeding) that the JL Lips Mark is merely ornamental or aesthetically functional and fails to function as an indicator of source; and also alleged that the JL Lips Mark is likely to be confused with Petitioner's earlier used and registered design mark (the "Beam Lips Mark")[8] pursuant to Trademark Act Sections 2(d), 14(1), and 37, 15 U.S.C. §§ 1052(d), 1064(1), and 1119.[9]

On November 11, 2020, the parties reported that the district court denied all claims asserted by both parties in the case, and the Ninth Circuit Court of Appeals affirmed the district court's judgment and denied Respondent's petition for rehearing en banc.[10] On the same day, Petitioner also filed its request to withdraw the petition to cancel without prejudice.

---

[8] Registration No. 2638476 (issued October 22, 2002; renewed October 22, 2012) for "Alcoholic beverages, namely, liqueurs and cordials" in International Class 33. Color is not claimed as a feature of the mark.

[9] *See* 41 TTABVUE 104-07 (amended counterclaim).

[10] 36 TTABVUE 2. Respondent reports that Petitioner did not appeal the district court's judgment in favor of Respondent on the counterclaim for cancellation of the registration for the JL Lips Mark. 38 TTABVUE 2. Although a copy of the Ninth Circuit's decision is not of record, a copy is unnecessary for disposition of Petitioner's request to withdraw without prejudice.

3

The Board deferred consideration of Petitioner's withdrawal pending receipt of the complaint in the Civil Action and a copy of the district court's judgment.[11] The parties complied and submitted further argument.[12]

Our review of the district court's judgment reveals that the district court found that there is no likelihood of confusion between the parties' marks on Respondent's infringement claim and Petitioner's counterclaim for likelihood of confusion. The district court also granted judgment in favor of Respondent on the remaining grounds asserted in Petitioner's counterclaim for cancellation of Respondent's registration for the JL Lips Mark because Petitioner failed to present supporting evidence at trial.[13]

## II.    The Parties' Arguments

Citing Trademark Rule 2.114(c), Petitioner argues that the Board should dismiss the proceeding without prejudice because the petition to cancel was withdrawn before Respondent filed an answer or otherwise responded to the petition.[14] More specifically, Petitioner asserts that Trademark Rule 2.114(c) is "unequivocal in Petitioner's right to withdraw its petition without prejudice in this circumstance. . . . Unlike after an answer is filed, there is no Board discretion as to whether a petition can be withdrawn without prejudice where the Respondent has yet to respond."[15]

---

[11] 39 TTABVUE 2-3.

[12] 40 TTABVUE, 41 TTABVUE 23-53 (district court bench order), 87-110 (Amended Answer and Counterclaims).

[13] 41 TTABVUE at 51, 53.

[14] No answer has been filed to date as proceedings have been suspended pending final disposition of the Civil Action and consideration of Petitioner's withdrawal of the petition.

[15] 40 TTABVUE 2.

Moreover, Petitioner argues the district court's judgment would have "no collateral effect on the Board in this proceeding" because it did not resolve the bases for the petition to cancel, namely, "whether the [JL Lips] Mark was merely descriptive or merely ornamental under 15 U.S.C. § 1052(f)."[16]

Respondent argues that this case should be dismissed with prejudice in light of the district court's findings regarding Respondent's JL Lips Mark.[17] In particular, Respondent disagrees with Petitioner's interpretation of the district court's decision, and argues the court found in the course of analyzing Respondent's claim of infringement that Respondent's pleaded mark is "suggestive of at least three specific characteristics of the product."[18] Respondent also argues the district court entered judgment denying Petitioner's counterclaims, which mimic the claims pending in the Board proceeding, because it found the claims "unpersuasive."[19]

## III. Analysis and Decision

Trademark Rule 2.114(c), 37 C.F.R. § 2.114(c), provides that a petition for cancellation "may be withdrawn without prejudice before the answer is filed." *Johnson & Johnson v. Bio-Med. Scis., Inc.*, 179 USPQ 765, 766 (TTAB 1973). *See also*

---

[16] *Id.* at 3. As noted above, however, the district court granted judgment in favor of Respondent on Petitioner's counterclaims for cancellation because Petitioner did not present supporting evidence at trial. Although Petitioner's October 21, 2016 counterclaims alleged the JL Lips design was merely ornamental and without acquired distinctiveness, the counterclaims did not allege mere descriptiveness. However, as explained below, this is immaterial to our resolution of the issue before us, which turns solely on the plain language of Trademark Rule 2.114(c).

[17] 38 TTABVUE 2; 41 TTABVUE 4-7.

[18] 41 TTABVUE 6.

[19] *Id.* at 6. *See* note 16, *supra.*

TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 601.02 (2021). This language is plain, clear, and mentions no exceptions. Respondent urges the Board to establish an exception to Rule 2.114(c) in cases where a federal court judgment has a bearing on the Board case. Respondent has provided, and the Board sees, no persuasive reason or basis to do so. The Board therefore declines to adopt such an exception.

We note that, even if, instead of simply objecting to Petitioner's withdrawal of the petition to cancel, Respondent had moved for summary judgment based on claim or issue preclusion prior to answering, and Petitioner unilaterally withdrew its petition to cancel, the result would be the same. Although the Board may entertain a motion for summary judgment before an answer is filed if the motion asserts claim or issue preclusion or lack of jurisdiction of the Board,[20] Trademark Rule 2.114(c) is unequivocal: a complaint withdrawn prior to the filing and service of an answer is withdrawn without prejudice. Trademark Rule 2.114(c); *see also* TBMP § 601.03 ("When a plaintiff or counterclaimant unilaterally withdraws its complaint prior to answer, in the face of a defendant's pending motion for judgment, the proceeding will be dismissed without prejudice (unless plaintiff or counterclaimant specifies that it is withdrawing with prejudice), and the pending motion will be declared moot.").

Because Petitioner filed its withdrawal of the petition to cancel before Respondent filed an answer, the petition to cancel is **dismissed without prejudice**.[21]

---

[20] *See* Trademark Rule 2.127(e)(1), 37 C.F.R. § 2.127(e)(1). *See also* TBMP § 528.02.

[21] If Petitioner files another petition to cancel the JL Lips Mark registration, Respondent at that time will have an opportunity to assert any preclusion arguments based on the courts'

disposition of the civil action it deems applicable. The Board takes no position on the potential preclusive effect of the district court's order.